1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  | VICTOR PODGORNY,                                    No. C 04-5279 MEJ

10 |          Plaintiff,

11 |   vs.                                              **ORDER DENYING PLAINTIFF'S
       |                                                   MOTION FOR SUMMARY JUDGMENT
12 | JO ANNE B. BARNHART, Commissioner of              AND GRANTING DEFENDANT'S
       | Social Security,                                  CROSS-MOTION FOR SUMMARY
13 |                                                   JUDGMENT**

14 |          Defendant.
       | _____/

15

## I.  INTRODUCTION

Plaintiff Victor Podgorny ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying his claim for disability insurance benefits.  Pending before the Court are Plaintiff's Motion for Summary Judgment and Remand, and Defendant's Cross-Motion for Summary Judgment.  Having read and considered the parties' papers, the administrative record, and the relevant legal authority, the Court hereby DENIES Plaintiff's motion and GRANTS Defendant's cross-motion for the reasons set forth below.

## II.  BACKGROUND

### A.     Procedural History

On April 1, 2002, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of November 15, 1995.  (Administrative Record ("AR"), 92-94).  The Social Security Administration ("SSA") denied Plaintiff's application on May 10, 2002, finding that he was not disabled under its rules.  (AR 64-67). Plaintiff filed a Request for

United States District Court
For the Northern District of California

Reconsideration, which the SSA denied on August 1, 2002.  (AR 68-72).

On August 13, 2002, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").  (AR 75).  Plaintiff, his attorney, and a vocational expert witness appeared at a hearing before an ALJ on October 28, 2002.  (AR 20-61).  On March 3, 2003, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 14-19).  The Appeals Council declined to review this decision and Plaintiff filed an action for judicial review in this Court pursuant to 42 U.S.C. § 405(g).[1]

On January 6, 2004, this Court granted Defendant's motion for remand and remanded the claim to the Commissioner for further administrative proceedings, including a new hearing and decision.  (AR 392-93).  On remand, ALJ Richard Wurdeman conducted a new hearing at which Plaintiff, his attorney, and a vocational expert witness appeared.  (AR 637-80).  In a decision dated August 12, 2004, ALJ Wurdeman determined that Plaintiff had not proven a disability prior to the expiration of his insured status on December 31, 2000, and thus was not entitled to disability insurance benefits.  (AR 334A-L).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council did not exercise its right to review it within sixty days.  On December 13, 2004, Plaintiff filed the present action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

**B.**     **Factual Background**

1.     Education and Work Experience

Plaintiff was born on August 5, 1946, and was 49 years old at the onset of his disability on November 15, 1995.  (AR 92, 334E).  He is a high school graduate with two years of college and has past relevant work experience as a warehouse worker and warehouse manager.  *Id.* at 26, 107, 334E.

2.     Medical History

The Court finds that ALJ Wurdeman fairly and accurately summarized the medical evidence in this case (AR 14-18, 334D-K).  As relevant, the facts will be discussed below.

**C.**     **Testimony at Hearing**

---

[1] Filed as *Podgorny v. Barnhart*, No. C 03-2900 MEJ.

At the June 8, 2004 hearing before ALJ Wurdeman, Plaintiff appeared in person with his attorney, Ian Sammis.  Also present at the hearing was Robert Rasche, the vocational expert.  (AR  639).

ALJ's Examination of Plaintiff

At the hearing, Plaintiff testified as follows:

(1)    his pain level at the time he was laid off was about a six on a one-to-ten scale, but working in the wine industry and lifting cases brought his pain to a nine (AR 641-42);

(2)    by 1998, the problems with his hands and arms deteriorated, and his pain level averaged seven to eight.  Pain medication brought temporary relief (AR 642);

(3)    in 1998, he could walk three miles in one hour, as well as do most of the housecleaning (AR 642-43);

(4)    he started to gain weight around 1996-1997; his weight at the time of the hearing was about 245 to 250, and his prior weight was 230 (AR 644-45);

(5)    he uses a computer at home every now and then.  Although he gets numbness in his hands, that didn't stop his ability to write (AR 645);

(6)    if he crosses his arms over his chest, they go numb after about ten minutes (AR 646);

(7)    he used to play basketball and golf, but is unable to now; he doesn't swim as well as he used to (*Id.*);

(8)    if he does not eat when taking his current medication, he gets drowsy (AR 647);

(9)    his job as a receiving supervisor at the wine company included breaking down pallets of wine, and each pallet contained 56 cases of wine (AR 648-49);

(10)    as general manager at a wine warehouse, his job did not include lifting; rather than physical labor, his job was telling people what to do (AR 650);

(11)    he has been involved in two auto accidents, the second occurring in 1993.  The second accident caused pain to spread from his back to his hips, knees, and ankles (AR 651);

(12)    he can turn his head about 20 degrees before turning his body; he is able to look down, but has some trouble looking up (AR 652);

(13)    he can reach up and forward, but he is unable to hold still while reaching (AR 653);

3

United States District Court

For the Northern District of California

(14)     on a typical day he gets up around 5:30 and does general housework, such as loading the dishwasher, making beds, and sometimes cooking (AR 654);

(15)     he does not go as many places as he used to, and his driving is limited (AR 654-55);

(16)     he is unable to swim as he used to and usually only does water aerobics in the pool (AR 656);

(17)     he is able to lift about 25 to 30 pounds from a table, and the heaviest thing he remembers lifting from the floor in the previous couple of years is 35 pounds (AR 658-59);

(18)     he has trouble picking up small things because he has more tingling and numbness than in the past (AR 660);

(19)     he can read in a chair but his back starts to spasm after about 20 minutes to a half-hour because he cannot find a comfortable position (AR 662);

(20)     at the time of the hearing, he was taking the following medication: Gabapentin, 900 milligrams a day; Tramadol, 50 milligrams a day, three times a day; and Ibuprofen, 800 milligrams a day (AR 664-65);

(21)     he has lost 37 percent bone density and has developed bone spurs on his right heel, which makes it difficult to walk (AR 668).

ALJ's Examination of Vocational Expert Robert Rasche

At the hearing, Robert Rasche testified that:

(1)     Plaintiff's past work as a warehouse manager is classified as light, but if he was a manager that also works on the floor with the rest of the employees, he would classify it as at least medium level exertion (AR 671);

(2)     Plaintiff's past work as a shipping and receiving clerk could be classified as medium to heavy, depending on his administrative duties (AR 672);

(3)     The skills associated with these two positions include numerical reasoning abilities, documentation, and supervision.  Both jobs require overhead work as performed by Plaintiff (*Id.*);

(4)     Assuming there is an individual of Plaintiff's age, and vocational and educational

4

background, Plaintiff could perform light work, including as a distribution clerk, repair order clerk, and floor space allocator (AR 674-78).

**D.   The ALJ's Findings**

ALJ Wurdeman made the following findings:

1.   [Plaintiff] did not engage in substantial gainful activity during the period at issue in this case

2.   [Plaintiff] is insured for Title II benefits through December 2000.

3.   During the relevant period, [Plaintiff] did not have an impairment or combination of impairments that meets or equals [an] impairment in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1.

4.   During the relevant period, [Plaintiff] had the severe impairments of cervical and lumbar degenerative disease, history of trochanteric bursitis, and obesity.

5.   [Plaintiff's] subjective complaints are not fully credible.

6.   During the relevant period, [Plaintiff] had the residual functional capacity as set forth in the body of this decision.

7.   During the relevant period, [Plaintiff] was able to perform his past relevant work as a warehouse manager.

8.   [Plaintiff] was not disabled on or before December 31, 2000.

(AR 334K-L).

## III.  LEGAL STANDARD

**A.   Standard of Review**

Summary judgment is appropriate if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  For purposes of social security appeals, the Court may disturb the Commissioner's final decision "only if it is not supported by substantial evidence or is based on legal error."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  Determinations of credibility, resolution of conflicts in medical testimony, and all other

United States District Court

For the Northern District of California

5

United States District Court

For the Northern District of California

1    ambiguities are to be resolved by the ALJ. *Id.* This Court must uphold the ALJ's decision where the

2    evidence is "susceptible to more than one rational interpretation." *Id.* at 1040. The findings of the

3    Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* at 1039.

4        The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*,

5    903 F.2d 1229, 1231 (9th Cir. 1990). If the ALJ applied an improper legal standard, this Court may

6    remand the case for further consideration. "[C]onsidering the record as a whole, the Court must weigh

7    both the evidence that supports and detracts from the [ALJ]'s conclusions." *Martinez v. Heckler*, 807

8    F.2d 771, 772 (9th Cir. 1986). In addition, the ALJ is responsible for ensuring that the evidence is

9    carefully considered and that the proceeding is fairly conducted. *Singer v. Weinberger*, 513 F.2d 176,

10   178 (9th Cir. 1975).

11   **B.    Disability Determination**

12       Pursuant to Title II of the Social Security Act, people who suffer from physical or mental disabilities

13   are eligible to receive payment of disability insurance benefits. 42 U.S.C. § 423(a)(1). To qualify for Title

14   II benefits, a claimant must establish a medically determinable physical or mental impairment that is

15   expected to result in death or last for a continuous period of at least twelve months which prevents him from

16   engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an

17   impairment that results from anatomical, physiological, or psychological abnormalities which are

18   demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §

19   423(d)(3). Additionally, to establish a disability, a claimant must "not only show that he is precluded from

20   engaging in his previous work, but cannot, considering his age, education, and work experience, engage in

21   any other kind of substantial gainful work which exists in the national economy, regardless of whether such

22   work exists in the immediate area where he lives, or whether he would be hired if he applied for work." 42

23   U.S.C § 423(d)(2)(A); 20 C.F.R. § 404.1505.

24       An applicant for disability insurance benefits must establish a "severe impairment(s) that causes an

25   inability to perform past relevant work. *Clem v. Sullivan,* 894 F.2d 328, 330 (9th Cir. 1990); 20 C.F.R.

26   § 404.1560(b). The burden then shifts to the Commissioner to show that the claimant can perform other

27   types of work existing in the national economy which are consistent with the claimant's medically

28                                          6

determinable impairments, functional limitations, age, educational, and work experience. *Green v. Heckler,* 803 F.2d 528, 530 (9th Cir. 1986). To determine whether this burden is met, the ALJ must consider the combined effect of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity. *Marci v. Chater,* 93 F.3d 540, 545 (9th Cir. 1996).

In determining whether a claimant is disabled, "all of the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" are considered. 20 C.F.R. § 404.1529. "Objective medical evidence" means "medical signs [shown by medically acceptable clinical diagnostic techniques]." *Id.* "Other evidence" includes statements or reports from the claimant, treating or examining physicians, and others regarding the claimant's medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how the claimant's impairment(s) and any related symptoms affect his ability to work. *Id.*

To determine whether a claimant is disabled and entitled to benefits, the Commissioner of Social Security conducts a five-step sequential inquiry. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. Using this five-step sequential inquiry promulgated by the Social Security Administration, the ALJ first considers whether the claimant is currently engaged in substantial gainful activity. If not, the second step asks whether the claimant has a severe impairment. In step three, the ALJ determines whether the claimant has a condition which meets or equals the conditions outlined in the Listings of Impairments in Appendix 1, Subpart P, Regulations No. 4. 20 C.F.R. § 404.1520. If the claimant does not have such a condition, step four asks whether the claimant has the Residual Functional Capacity[2] to perform his past relevant work. If not, step five requires that the ALJ consider whether the claimant has the ability to perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(b)-(f); 404.920(b)-(f).

---

[2]Residual Functional Capacity ("RFC") refers to the claimant's maximum sustained work capacity for sedentary, light, medium, heavy, or very heavy work. In assessing an individual's RFC, the ALJ must consider symptoms, including pain, medical signs and laboratory findings, and other evidence. 20 C.F.R. § 404.1529(a).

United States District Court
For the Northern District of California

**IV.  DISCUSSION**

In his motion for summary judgment, Plaintiff argues that Defendant failed to provide him with a full, fair and complete hearing of his claim for benefits because the administrative record provided to both the Appeals Council and this Court is inadequate.  Specifically, Plaintiff argues that the record submitted by Defendant fails to include documents that were received into the record by ALJ Wurdeman.  In response, Defendant argues that, even if the administrative record was incomplete, remand for further consideration is not warranted because Plaintiff's proffered evidence is not material.

**A.        Five-Step Sequential Inquiry**

Here, the ALJ considered all five steps of the five-step sequential process and found that Plaintiff was not disabled.  At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability.  (AR 334E)  At step two, he found Plaintiff to have the following severe medical impairments: cervical and lumbar degenerative disc disease, history of trochanteric bursitis, and obesity.  *Id.*  However, at step three, the ALJ concluded that Plaintiff's impairments did not meet or equal the listed impairments located in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  At step four, the ALJ found Plaintiff had the RFC to perform his past relevant work as a warehouse manager, which is skilled work performed at the light level of exertion, and shipping/receiving clerk, which is skilled work performed at the medium level of exertion.  *Id.* at 334K.  As ALJ Wurdeman made this determination, he did not proceed to the fifth step of the analysis.

**B.        Whether Plaintiff's Request for Remand for Consideration of New Evidence is Warranted**

In his motion, Plaintiff argues that this Court must remand because Defendant's proffered transcript in this matter failed to include the documents that were received into the record by ALJ Wurdeman, resulting in ALJ Wurdeman's making an erroneous decision.  Plaintiff originally moved for admissions from Defendant, to which he attached the documents.  *See* Plaintiff's Request for Admissions, Docket #8, Exhibits A-C.  Plaintiff now requests a remand under sentence six of 42 U.S.C. § 405(g) arguing that, while the exhibits are not new to Defendant, they are new to the Appeals Council and to this Court.  Plaintiff's

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Motion for Summary Judgment at 4:25-28. Plaintiff further argues that the exhibits are material to ALJ

Wurdeman's finding because he "could not have possibly made the determination 'the VA determination of

total disability is conclusory in nature' had he had Exhibit C which clearly argues disability from the medical

evidence. *Id.* at 4-5.

In response, Defendant argues that Plaintiff's new evidence would not have change the ALJ's

assessment. First, Defendant argues that Plaintiff's new evidence barely addresses his physical condition

and does not provide any basis for finding him disabled. Second, Defendant argues that the Department of

Veterans Affairs analysis was based on an uncritical acceptance of Plaintiff's self-serving subjective

complaints, and the ALJ set out clear and convincing reasons why he did not find Plaintiff to be credible.

A reviewing court may remand for the consideration of new evidence, but only where the evidence

is "material" and the plaintiff has established "good cause for the failure to incorporate such evidence in the

record in a prior proceeding." 42 U.S.C. § 4059(g)(sentence six); *Clem v. Sullivan*, 894 F.2d 328, 332-

33 (9th Cir. 1990). New evidence is considered material where there is a "reasonable possibility" that it

would have resulted in a change in the ALJ's decision finding a plaintiff not disabled. *Booz v. Secretary of

HHS*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The plaintiff must show that the evidence "'bear[s]

directly and substantially on the matter in dispute.'" *Wainwright v. Secretary of HHS*, 939 F.2d 680,

682-83 (9th Cir. 1991) (*quoting Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)).


Here, the Court finds no merit to Plaintiff's argument that this case must be remanded because

Defendant's proffered transcript failed to include the documents that were received into the record by ALJ

Wurdeman, resulting in ALJ Wurdeman's making an erroneous decision. In fact, ALJ Wurdeman's

decision specifically references Plaintiff's submitted documents. *See* AR 334I. It is unclear how the

absence of the documents from the transcript could have affected the ALJ's decision when he references

said documents and includes them in his analysis. Moreover, even if the ALJ did not have the documents,

the Court finds that there is no reasonable possibility they would have resulted in a change in the ALJ's

decision.

ALJ Wurdeman determined that Plaintiff retained the RFC to perform his past relevant light work

**United States District Court**
For the Northern District of California

1    as a warehouse manager and thus was not disabled. (AR 334K-L). The Court finds that this conclusion is

2    supported by substantial medical evidence of record, which the ALJ summarized in detail in the hearing

3    decision. (AR 334E-J). ALJ Wurdeman considered the Department of Veterans Affairs' ("DVA")

4    decisions rating Plaintiff from sixty percent to totally disabled (AR 261-63, 334I, 334K). The ALJ

5    rejected this assessment because it was conclusory and did "not adequately explain why the VA increased

6    the disability rating from 60% nor does it adequately explain why claimant can not work" (AR 334K). The

7    ALJ observed that the DVA decision was "not supported by the treatment records and [was] inconsistent

8    with [Plaintiff's] many activities and projects," such as extensive traveling, driving, taking computer classes,

9    walking, remodeling a bathroom, water aerobics, and building a fence (AR 334K).

10         Plaintiff's "new" evidence contains an explanation of why the DVA, on October 19, 2001, found

11   Plaintiff to be disabled under its standards; however, the Court does not find that this rating decision would

12   have warranted any change in the ALJ's decision. The decision contains two short paragraphs of analysis,

13   but this analysis simply accepts Plaintiff's subjective complaints as the basis for the disability rating.

14   Plaintiff's Exhibit C, p.2. Subjective complaints alone cannot establish a disability. *Fair v. Bowen*, 885

15   F.2d 597, 601-04 (9th Cir. 1989). Rather, a claimant for disability insurance benefits has the burden of

16   proving disability due to a "medically determinable physical or mental impairment . . . that results from

17   anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

18   clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(1) and (3); *Fair*, 885 F.2d at 601-04.

19   Plaintiff's new evidence presents no clinical or laboratory diagnostic techniques not already before the ALJ.

20   Moreover, the reviewer seems to overlook his own summary of the medical evidence, where he indicated

21   that there was "no history of loss of sensation or motor power in the upper extremities or a history of

22   changes in gait or in bladder control." *Id.* He also noted that an "examination was negative for significant

23   cervical radiculopathy." *Id.* Thus, as the ALJ found that the VA rating is inconsistent with the evidence of

24   record, there is no "reasonable possibility" that Plaintiff's new evidence would have changed this

25   assessment.

26         Further, the ALJ set out clear and convincing reasons why he did not find Plaintiff to be credible

27   (AR 334I-K). First, ALJ Wurdeman considered the documentary medical evidence and clinical findings

28                                                    10

that established that Plaintiff's alleged neck and back pain and other impairments had resolved with

treatment and did not preclude him from performing the modest demands of his former work as a

warehouse manager, which is light work as performed in the national economy.  Second, the ALJ

considered Plaintiff's regular activities, such as travel to Alaska and Hawaii, completion of real estate and

computer courses, building a fence, and remodeling a bathroom.  Third, the ALJ considered the vocational

evidence that established that Plaintiff's documented limitations were consistent with the ability to return to

his former light work as a warehouse manager (Tr. 334K, 671-73).  The ALJ, when weighing a claimant's

credibility, may consider inconsistencies between a claimant's testimony and conduct, a claimant's daily

activities, and testimony from physicians and third parties concerning the nature, severity, and effect of the

symptoms of which a claimant complains.  *Thomas,* 278 F.3d at 958-959.  Thus, if the ALJ's credibility

finding is supported by substantial evidence in the record, courts will not second-guess that decision.  *Id.*

Here, ALJ Wurdeman's decision that Plaintiff was not disabled is supported by substantial evidence and

Plaintiff's new evidence would not effect  the ALJ's decision.  Accordingly, the Court finds that Plaintiff's

new evidence does not warrant remand and ALJ Wurdeman's decision must be upheld.

///

## V.  CONCLUSION

    For the foregoing reasons, the Court hereby DENIES Plaintiff's summary judgment motion and

GRANTS Defendant's cross-motion for summary judgment.

        **IT IS SO ORDERED.**

Dated: July 29, 2005

_____
MARIA-ELENA JAMES
United States Magistrate Judge