**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9

                               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12   VICTOR PODGORNY,                                No. C 04-5279 MEJ

13                  Plaintiff,

14       vs.                                         **ORDER DENYING PLAINTIFF'S
                                                     MOTION TO ALTER OR AMEND**
15   JO ANNE B. BARNHART, Commissioner of
     Social Security,
16

17                  Defendant.
                                                  /

18

19          In a Judgment and Order entered on July 29, 2005, this Court denied Plaintiff's motion for

20   summary judgment and granted Defendant's cross-motion for summary judgment.  The Court also denied

21   Plaintiff's request that the claim be remanded based on new evidence.  Now before the Court is Plaintiff's

22   Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), filed on August 4,

23   2005.  Upon review of Plaintiff's motion, the parties' briefing in support of and against the motion, relevant

24   legal authority, and good cause appearing, the Court finds that it must deny Plaintiff's motion.

25          FRCP 59(e) authorizes a motion to alter or amend a judgment after its entry.  Rule 59(e), however

26   is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

27   resources."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

28   Amendment or alteration is appropriate under Rule 59(e) if: (1) the motion is "necessary to correct manifest

**United States District Court**
For the Northern District of California

1    errors of law or fact upon which the judgment is based;" (2) the moving party presents "newly discovered

2    or previously unavailable evidence;" (3) the motion is necessary to "prevent manifest injustice;" or (4) there

3    is an "intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir.

4    1999).  This showing is a "high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).  A

5    judgment is not properly reopened "absent highly unusual circumstances." *Id.*  This case presents no such

6    highly unusual circumstances.

7          In his motion for summary judgment, Plaintiff chose only to challenge the Commissioner's final

8    decision by arguing that what he claimed was new evidence required the Court to reverse the decision

9    and/or to remand for consideration of the new evidence.  In the present motion, he raises additional

10   arguments - that the law of the case favored him, that a doctor's opinion had not properly been considered,

11   and that his obesity was overlooked.  These, however, are precisely the types of arguments that may be

12   raised in a summary judgment motion.  *See, e.g., Magallenes v. Bowen*, 881 F.2d 747 (9th Cir. 1989);

13   *Clem v. Sullivan*, 894 F.2d 328 (9th Cir. 1990).  Plaintiff has cited no pertinent authority for his claim that

14   these issues may be raised for the first time in a motion to alter or amend.  Accordingly, Plaintiff's arguments

15   are not persuasive.

16         In his reply brief, Plaintiff argues that the Court committed clear error because it improperly

17   determined that the ALJ had already considered Plaintiff's newly submitted evidence.  However, regardless

18   of whether the ALJ considered the evidence, the Court set out specific reasons why it found that the

19   evidence would not have changed the ALJ's opinion.  Order Denying Pl.'s Mot. Summ. J. and Granting

20   Def.'s Cross-Mot. Summ. J., July 29, 2005, 10:6-11:27.  Accordingly, this argument is also unpersuasive.

21         For the foregoing reasons, Plaintiff's motion to alter or amend judgment is hereby DENIED.

22         **IT IS SO ORDERED.**

23

24   Dated: September 7, 2005

                                         _____
25                                       MARIA-ELENA JAMES
                                         United States Magistrate Judge
26

27

28                                       2