IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PODGORNY, | No. C 04-5279 MEJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES & COSTS** |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

## I.   BACKGROUND

Before the Court is plaintiff Victor Podgorny's Motion for Attorney's Fees, filed January 5, 2007. (Doc. #39.) On December 13, 2004, Plaintiff brought an action against the Commissioner of the Social Security Agency (the "Agency") for social security disability benefits, contending that the Administrative Law Judge incorrectly denied his application for benefits. Podgorny filed a motion for summary judgment alleging that the Agency's failure to include certain documents in the administrative record required remand. On July 29, 2005, this Court denied Podgorny's motion. Plaintiff subsequently appealed.

On appeal, the Ninth Circuit Court of Appeals reversed, holding that the Agency violated its own regulations requiring it to consider all relevant medical evidence in making a disability determination. The Ninth Circuit remanded to the Agency. Podgorny now seeks $10,362.75 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d). Upon review of the parties' papers, legal authority, and good cause appearing, the Court GRANTS

Podgorny an award of $7,955.13 in attorney fees and $1,602.64 in costs for the reasons set forth below.

## II.   DISCUSSION

Under the EAJA, the Court shall award reasonable attorney fees and costs to the prevailing party unless it finds that the position of the Agency was substantially justified. 28 U.S.C. § 2412(d). In *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), the United States Supreme Court defined "substantially justified" as "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." This definition is "no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.*

As the Ninth Circuit remanded the case to the Agency, Podgorny is considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Accordingly, the Court must determine whether the Agency was substantially justified. The Agency argues that its position was substantially justified for two reasons: (1) this Court found the ALJ's decision was supported by substantial evidence, and (2) Circuit Judge Bybee dissented from the majority in the Ninth Circuit opinion and agreed with this Court. However, the Ninth Circuit explicitly stated that the Agency violated its own regulations requiring it to consider all relevant medical evidence in making a disability determination. Given this holding, the Court cannot find that the Agency was substantially justified in its position because "[a] court cannot excuse the denial of a mandatory procedural protection simply because" there may have been sufficient evidence in the record for the ALJ to discount the VA's determination. *Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). Accordingly, substantial justification does not exist and the Court must determine a reasonable fee award.

While there is no precise rule, the most useful starting point for determining a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Hensley v. Eckerhart*, 487 U.S. 424, 433 (1983).[1]  If the Court finds that the amount claimed is excessive, even where the claims were interrelated, nonfrivolous, and raised in good faith, it may cut specific hours, or reduce the award overall.  *Id.* at 436-37.  The burden is on Podgorny to offer adequate evidence of his efforts, and if his offering is inadequate, "the district court may reduce the award accordingly."  *Id.* at 433, 436.

The EAJA limits attorney fees to $125 per hour "unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)A)(ii).  Podgorny's request includes cost of living increases for attorney time as follows: 2003-04 = $153.32/hr.; 2005 = $156.75/hr.; 2006-07 = $163.34/hr.  The Agency does not object to these hourly rates.

Podgorny seeks $8,715.11 in attorney's fees and $1,602.64 in costs, as detailed in the Amended Declaration of Ian M. Sammis, filed March 19, 2007.  (Doc. #36.)  The Agency raises several specific objections to this request, which the Court shall now address.

1. <u>Work performed during the administrative stage</u>

First, the Agency argues that Podgorny seeks compensation for work performed during the administrative stage of his case.  Specifically, Podgorny's counsel and counsel's law clerk spent 1.5 hours and 5.3 hours, respectively, drafting and preparing the Appeals Council request for reconsideration.  (Sammis Decl. at 3, 6.)  The Court agrees with the Agency and finds that the time counsel and his law clerk spent on the administrative process is not compensable under the EAJA. 28 U.S.C. § 2412(d)(1)(A) (fees and expenses shall be awarded in **any civil action**, including proceedings for judicial review of an agency's actions) (emphasis added); 42 U.S.C. § 406a (feeds for services rendered at the administrative level have been entrusted by statute exclusively to the Commissioner pursuant to Section 206(a) of the Social Security Act).  As the request for reconsideration is part of the administrative process, the Court must lower the fee request by $759.98 ($229.98 for counsel's work and $530.00 for his law clerk's work at the administrative

---

[1] While not a social security matter, the Supreme Court noted that the standard in *Hensley* is "generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party."  *Id.* at 433 n.7.

level).

### 2. Clerical work

Next, the Agency argues that a large portion of the law clerk's billed time constitutes clerical or secretarial work and should be unrecoverable as overhead costs. The Agency cites *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989), in support of this argument. However, *Missouri* states that "purely clerical or secretarial tasks should not be billed at a paralegal rate" and does not exclude such tasks entirely. In fact, Sammis' declaration differentiates between legal work, which is billed at $100.00 per hour, and clerical work, which is billed at $50.00 per hour. Accordingly, no deduction in the requested amount is necessary based on this argument.

### 3. Costs

Podgorny also seeks $1,197.64 in costs and $405.00 in filing fees. The Agency's only objection to this request is to the extent that he is seeking reimbursement for costs resulting from the law clerk traveling to and from the Ninth Circuit oral argument in Pasadena. However, given the law clerk's extensive involvement in researching and drafting the pleadings, the Court finds that it is not unreasonable for the law clerk to accompany counsel to oral argument.

### III. CONCLUSION

Based on the analysis above, the Court GRANTS Podgorny an award of $7,955.13 in attorney fees and $1,602.64 in costs.

**IT IS SO ORDERED.**

Dated: March 27, 2007

MARIA-ELENA JAMES
United States Magistrate Judge